UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: BP p.l.c. § | MDL No. 10-md-2185 |
| SECURITIES LITIGATION § | |
| § | |
| § | |
| CONNECTICUT RETIREMENT § | |
| PLANS AND TRUST FUNDS, et al., § | Civ. Act. No. 4:12-cv-1272 |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | HON. KEITH P. ELLISON |
| § | |
| BP p.l.c., et al. § | |
| § | |
| Defendants. § | |

## AMENDED ORDER

Pending before the Court is Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaints. (Doc. No. 56.) Having reviewed the motion, Plaintiffs' response (Doc. No. 64), Defendants' reply (Doc. No. 71), and all papers in support thereof, the Court finds that Defendants' motion (Doc. No. 56) must be **GRANTED IN PART** and **DENIED IN PART**. Pursuant to the reasoning articulated in the Memorandum and Order (the "*Alameda County* Opinion") issued this day in a related case—*Alameda County Employees' Retirement Association et al. v. BP p.l.c. et al.* [12-cv-1256]—the Court **GRANTS** the Motion to Dismiss as to the following claims:

- All claims for common law aiding and abetting fraud.

- All claims for statutory fraud under Texas and California law.

- All claims for violations of the Colorado Securities Act.

- As to the Public Employees' Retirement Association of Colorado, the City of Philadelphia Board of Pensions and Retirement, Los Angeles County Employees' Retirement Association, and San Diego City Employees' Retirement System, all

claims based on public statements made after March 2010.[1]

- All claims based on statements made in the January 16, 2007 press release. (*Id*. ¶ 153.)

- All claims based on statements made in the February 7, 2007 meeting with ▬▬▬▬.[2] (*Id*. ¶ 240.)

- All claims based on statements made in the 2006 Sustainability Report, dated May 9, 2007. (*Id*. ¶ 155.)

- All claims based on statements made in the May 16, 2007 House testimony. (*Id*. ¶ 157.)

- All claims based on statements made in the July 24, 2007 investor call. (*Id*. ¶ 159.)

- All claims based on statements made in the September 17, 2007 meeting with ▬▬▬▬. (*Id*. ¶ 241.)

- All claims based on statements made in the September 25, 2007 industry conference. (*Id*. ¶ 161.)

- All claims based on statements made in the October 25, 2007 press release. (*Id*. ¶ 163.)

- All deceit and negligent misstatement claims based on statements made in the November 8, 2007 industry conference. (*Id*. ¶ 165.)

- All claims based on statements made in the 2007 Annual Review, dated February 22, 2008.[3] (*Id*. ¶ 167.)

---

[1] The Complaint here—like the complaint in *Alameda County*—does not plead with particularity any act of reliance other than the purchase of BP stock. Therefore, to erase any doubt, the Court notes that any "holder" claims Plaintiffs intend to pursue are not, at present, properly pled under Rule 9(b).

[2] Plaintiffs' complaint does not quote the language which the Court found reminiscent of Defendants' public OMS-related statements in the *Alameda County* Opinion. No other statement from the February 7, 2007 meeting is adequately alleged as false.

[3] Unlike the plaintiffs in *Alameda County*—who complain of statements made by Hayward in the 2007 Annual Review—Plaintiffs in this case complain of language from the Annual Review not attributed to any individual. As noted in the *Alameda County* Opinion, Plaintiffs' allegations do not adequately plead corporate scienter for this type of statement.

- All negligent misstatement claims based on statements made in the February 27, 2008 investor presentation. (*Id.* ¶ 169.)

- All claims based on statements made in the March 3, 2008 meeting with ▬▬▬▬. (*Id.* ¶ 242.)

- All negligent misstatement claims based on statements made in the 2007 Annual Report, dated March 4, 2008.[4] (*Id.* ¶ 171.)

- All negligent misstatement claims based on statements made in the 2008 Annual General Meeting, held April 17, 2008. (*Id.* ¶ 173.)

- All negligent misstatement claims based on statements made in the December 17, 2008 industry conference. (*Id.* ¶ 175.)

- All claims based on unattributed statements made in the 2008 Annual Review, dated February 24, 2009. (*Id.* ¶ 177.)

- All negligent misstatement claims based on Hayward's statements in the 2008 Annual Review. (*Id.* ¶ 178.)

- All negligent misstatement claims based on statements made in the 2008 Annual Report, dated March 4, 2009. (*Id.* ¶ 181.)

- All deceit and negligent misstatement claims based on statements made in the March 10, 2009 Initial Exploration Plan. (*Id.* ¶¶ 183-86.)

- All claims based on statements made in the March 17, 2009 meeting with ▬▬▬▬ (*Id.* ¶ 243.)

- All negligent misstatement claims based on statements made in the 2008 Sustainability Review, dated April 16, 2009. (*Id.* ¶ 189.)

- All deceit and negligent misstatement claims based on statements made in the June 30, 2009 Oil Spill Response Plan. (*Id.* ¶¶ 191-92.)

- All claims based on statements made in the November 19, 2009 Senate testimony. (*Id.* ¶ 194.)

---

[4] This alleged misrepresentation was not included in the *Alameda County* complaint. The Court finds that the statement is adequately alleged as false and that scienter has been pled for Hayward—the Annual Report's signatory—for the reasons stated in the related Federal Class Action. *See In re BP Securities Litigation*, 843 F. Supp. 2d 712, 757-59, 782-84 (S.D. Tex. 2012). For the reasons stated in the *Alameda County* Opinion, the Court finds that Plaintiffs have adequately alleged intent to induce reliance for this type of statement, but not a duty to speak carefully as required for negligent misstatement.

- All negligent misstatement claims based on statements made in the 2009 Annual Review, dated February 26, 2010. (*Id.* ¶ 197.)

- All claims based on statements made in the March 3, 2010 meeting with ▮▮▮▮▮. (*Id.* ¶ 244.)

- All negligent misstatement claims based on statements made in the 2009 Annual Report, dated March 5, 2010. (*Id.* ¶ 199.)

- All Exchange Act and deceit claims based on statements made in the March 18, 2010 meeting with ▮▮▮▮▮. (*Id.* ¶ 245.)

- All Exchange Act and negligent misstatement claims based on statements made in the March 22, 2010 industry conference. (*Id.* ¶ 201.)

- All negligent misstatement claims based on statements made in the March 23, 2010 industry conference. (*Id.* ¶ 203.)

- All negligent misstatement claims based on Hayward's statements in the 2009 Sustainability Review, dated April 15, 2010. (*Id.* ¶ 205.)

- All claims based on the unattributed statements in the 2009 Sustainability Review. (*Id.* ¶ 207.)

- All claims based on statements made in the 2009 Sustainability Report, dated April 15, 2010. (*Id.* ¶¶ 209-10.)

- All negligent misstatement claims based on post-spill statements made between the dates of April 28, 2010 and May 22, 2010. (*Id.* ¶¶ 214, 216, 218, 220, 222, 224, 226, 228, 230, 232-33, 235-37.)

In all other respects, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 2nd day of December, 2013.

*/s/ Keith P. Ellison*

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE